Filed 10/6/22  In re Marshall CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re HOWARD MARSHALL,<br><br>     on Habeas Corpus. | G061828<br><br> (Super. Ct. No. SWF009818)<br><br>O P I N I O N |

Original proceedings; petition for writ of habeas corpus to file a late notice of appeal.  Petition granted.

Aaron J. Schechter for Petitioner.

Rob Bonta, Attorney General, and Charles G. Ragland, Senior Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT:[*]

Petitioner Howard Marshall seeks relief from the failure to file a timely notice of appeal, and to have it deemed constructively filed under the authority of *In re Benoit* (1973) 10 Cal.3d 72. The petition is granted.

Petitioner is the defendant in the case of *People v. Marshall*, Riverside County Superior Court Case No. SWF009818. He is currently serving a state prison sentence of 18 years, 4 months after he was resentenced by the Riverside Superior Court on April 25, 2022.

In March 2022, petitioner received a letter from the Riverside County Public Defender's Office, (Public Defender's Office), informing him it was seeking to have his five one-year prison priors stricken in accordance with Penal Code section 1172.75, [1] which rendered them invalid. Former code section 1171.1, was renumbered as section 1172.75 without substantive change on June 30, 2022. (See Stats. 2022, ch. 58 §10.) The letter asked him if he wanted to attend his resentencing hearing or if he wanted to waive his right to attend. The letter instructed him to promptly write back regarding his choice.

Petitioner immediately wrote a return letter to the Public Defender's Office advising them that he wished to attend all resentencing hearings, and that he did not wish to waive his right to attend. After having sent this letter, petitioner never heard back from them. Petitioner then sent two follow-up letters to the Public Defender's Office to inquire about when his resentencing hearing was scheduled to take place. No one responded to his letters.

On April 25, 2022, the trial court recalled petitioner's sentence pursuant to section 1172.75. At petitioner's resentencing hearing, the trial court granted Aimee

---

[*] Before Bedsworth, Acting P.J., Moore, J., and Motoike, J.

[1] Undesignated statutory references are to the Penal Code.

Vierra (Vierra), an attorney in the Public Defender's Office, permission "'to appear as a friend of the court'" on his case. Vierra represented to the trial court that she "'ha[d] not had contact'" with petitioner.

At the resentencing hearing, the court struck the five one-year prior prison term enhancements. However, petitioner believes he was entitled to further sentencing relief that the court did not consider and/or grant.

After the hearing was over, Vierra never contacted petitioner regarding the results. She did not contact him regarding whether he wanted her to file a notice of appeal on his behalf, and she did not advise him regarding how he could file a notice of appeal on his own. Nor did she file a notice of appeal on his behalf. If attorney Vierra or anyone from the Public Defender's Office had advised petitioner that the trial court had held a resentencing hearing on April 25, 2022, and that he needed to file a notice of appeal within 60 days of that hearing to obtain full appellate review of the trial court's rulings, he would have done so.

In the beginning of June 2022, petitioner attended an early Parole Board Hearing on his behalf. During the hearing, the Parole Board advised him that his parole eligibility date was set for January 2023. Petitioner was surprised by this date because he believed his parole eligibility date was set between 2026 to 2028.

Immediately following his early Parole Board hearing, petitioner filed a written request with the prison records department to clarify his parole eligibility date. The prison records department replied via a letter to him that he had been resentenced and his parole eligibility was now set for January 2023.

Thus, after petitioner heard from the prison records department, he decided the only way to challenge his right to be present at his resentencing hearing was to file a motion for a new hearing. Petitioner did so. He filed a motion in propia persona for a new resentencing hearing on the ground that the trial court violated his right to be present at his last resentencing hearing. The court denied his motion on June 24, 2022, in a

3

minute order. Petitioner timely appealed the court's order of June 24, 2022, on July 25, 2022. [2]

Attorney Schechter has made several attempts to speak to attorney Vierra to ascertain why a notice of appeal was not filed in this matter. Attorney Vierra has not replied to any of his emails or returned any of his phone calls.

The Attorney General does not oppose petitioner's request for constructive filing of his notice of appeal.

---

[2] On June 14, 2022, petitioner filed a motion in propia persona for a new resentencing hearing based on the ground that the trial court violated his right to be present at his last resentencing hearing. In his motion, he told the court he never waived his presence at his last resentencing hearing, and that he explicitly advised the Public Defender's Office that he wanted to be present at any resentencing hearings. He further advised that he had not been made aware that any resentencing hearing had taken place until long after the fact. On June 24, 2022, the trial court denied petitioner's motion. On July 25, 2022, petitioner timely filed a notice of appeal from the June 24, 2022, ruling. Petitioner's appeal of this ruling is now pending before this court as related Case No. G061627.

On August 29, 2022, petitioner filed a motion for constructive notice of appeal, and requested that this court deem petitioner's July 25, 2022, notice of appeal to include the trial court's orders of April 25, 2022, and June 24, 2022. On September 12, 2022, respondent filed a letter of non-opposition to the motion.

On September 15, 2022, this court issued an order stating that petitioner's unopposed motion for constructive notice of appeal, "shall be decided in conjunction with the decision on appeal." The order further stated that "[t]he parties are invited to include in their briefs analysis of whether this court has the power under existing case law to grant the relief requested under the factual circumstances of this case and via the procedural vehicle of a motion."

Petitioner explains in the instant petition that, "Because this Court has stated that it will not rule on petitioner's motion for constructive notice of appeal until it issues its opinion in petitioner's pending appeal, petitioner has filed the instant petition for writ of habeas corpus in order to fully preserve his rights and diligently pursue all available remedies under the constructive filing doctrine (*In re Benoit, supra,* 10 Cal. 3d 72) as to the trial court's April 25, 2022 order, particularly in light of the exigent circumstances of the pending appeal."

4

The principle of constructive filing of a late notice of appeal should be applied in situations were a criminal defendant requests trial counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit, supra,* 10 Cal.3d 72, at pp. 87-88.) Relief is also made available where trial counsel renders a criminal defendant ineffective assistance of counsel entitling him or her to the constructive filing of a timely notice of appeal. (*Roe v. Flores-Ortega* (2000) 528 U.S. 470.) In *Roe,* the United States Supreme Court concluded where trial counsel has been ineffective in failing to properly consult with his or her client about the appeal process, and that "constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." (*Id.* at p. 484.)

Here, petitioner made it abundantly clear to the Public Defender's Office that he wanted to attend his resentencing hearing. Attorney Viera was assigned to represent him as a "friend of the court" at his April 25, 2022, hearing. She never contacted him prior to the hearing and even told the court she had never spoken with him. Although she appeared on his behalf, she never contacted him after the hearing concluded to discuss the results with him. Nor did she contact him to inquire whether he wanted her to file a notice of appeal on his behalf and she did not advise him about how to file a notice of appeal on his own. Neither did she file a notice of appeal on his behalf.

The petition is granted. The clerk of the Superior Court is directed to treat the notice of appeal filed on July 25, 2022, in Riverside County Superior Court case No. SWF009818, as including both orders dated April 25, 2022, and June 24, 2022, and to treat the notice of appeal as being timely filed as to each of them. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith. Petitioner's request that this court take judicial notice of the court file in *People v. Marshall* Case No. G061627 is GRANTED.

5